UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAZARO R. FERNANDEZ,

    Plaintiff,

v.   Case No. 3:21cv4482-TKW-HTC

WARDEN JOHN WILLIS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Lazaro R. Fernandez, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against six (6) defendants arising out of his placement in administrative confinement and close management from December 30, 2014 to November 5, 2015, which Plaintiff contends was without justification. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration, the undersigned respectfully recommends this case be DISMISSED WITH PREJUDICE because Plaintiff (1) failed to truthfully disclose his litigation history, (2) has completely failed to respond to this Court's orders, and (3) his claims are *barred by the statute of limitations*.

I.     **THE COMPLAINT**

On or about December 10, 2021, Plaintiff filed a civil rights complaint against six (6) current and former Okaloosa Correctional Institution ("OCI") employees based on his placement on administrative confinement, which occurred over seven (7) years ago. ECF Doc. 1. The Defendants are: (1) former Warden John Willis, (2) Warden John Sloan, (3) Assistant Warden Normal Kelly, (4) Classification Officer Yvonne Johnson, (5) Mayor of Security Jack Hammontree, and (6) Classification Officer Hilliary Armstrong. *Id.* at 1-2.

Specifically, Plaintiff alleges that on December 17, 2014, he was placed on administrative confinement after an inmate accused him of sexual assault, which occurred when Plaintiff was "being transferred from . . . Regional Medical Center to Northwest Florida Reception Center". *Id.* at 5. "Plaintiff was [later] transferred to [OCI] and" remained in administrative confinement. *Id.* at 6. Despite numerous requests inquiring about the status of his confinement, Defendants refused to release Plaintiff from administrative confinement based on the "pending investigation". *Id.* at 7-8. On November 5, 2015, Plaintiff was approved for "close management status level one" and was released from administrative confinement. *Id.* at 13. "It was on this date that Plaintiff's unlawful period of time on administrative confinement ended . . . which had begun on December 17, 2014". *Id.*

## I.     PLAINTIFF'S FAILURE TO DISCLOSE

While not on this Court's official form, Plaintiff's complaint contains similar sections as those in this Court's form, including a previous litigation section. On page fourteen (14) of the complaint, Plaintiff included a section titled "Previous Lawsuit By Plaintiff" and stated he has "never filed any previous lawsuit dealing with the alleged unlawful detention." ECF Doc. 1 at 14. This representation was false.

First, and most notably, Plaintiff did not disclose *Fernandez v. Inch*, et al., 3:20cv5531-MCR-EMT, a case involving the *same* claims[1] and *same* Defendants, and which was dismissed *with prejudice* as barred by the statute of limitations. Second, Plaintiff has filed at least two state cases regarding the same facts and issues, which he did not disclose on the instant complaint form, but did disclose on the form he used in *Fernandez v. Inch*, et al., 3:20cv5531-MCR-EMT.

Plaintiff executed his complaint under penalty of perjury that his statements were "true and correct". ECF Doc. 1 at 15. Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the

---

[1] The periods of confinement in the two cases, while overlapping, are slightly different. As stated above, the period of confinement in this action is from December 30, 2014 to November 5, 2015; whereas, the periods complained of in Judge Timothy's case were December 16, 2014 to October 28, 2015, December 2015, and March 2016. ECF Doc. 16, 3:20cv5331MCR/EMT.

Case No. 3:21cv4482-TKW-HTC

quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

As one District Judge in this district has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, 4:19cv191-RH-HTC, ECF Doc. 52. Thus, an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)).

## II. PLAINTIFF'S FAILURE TO COMPLY WITH ORDERS OF THE COURT AND TO PROSECUTE

As an additional ground for dismissal, Plaintiff has failed to comply with this Court's orders and prosecute this action. On December 22, 2021, the Court ordered Plaintiff to, within twenty-one (21) days, file a complete motion to proceed *in forma pauperis*. ECF Doc. 3. Plaintiff was advised that failure to comply with this order as instructed may result in a recommendation that this his case be dismissed for failure to prosecute. *Id.* at 2. Nonetheless, Plaintiff did not comply with that order. As such, on January 19, 2022, the Court gave Plaintiff fourteen (14) days to show

cause why his case should not be dismissed for failure to prosecute or comply with Court orders. ECF Doc. 4. Plaintiff has not responded to the show cause order and his time for doing so has passed.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate under Federal Rule of Civil Procedure 41(b). Under Rule 41(b), a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

### III. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Finally, although a dismissal for failure to follow orders of the court and failure to disclose are normally dismissals without prejudice, the Court finds that this dismissal should be *with prejudice*, as Plaintiff's claims are barred by the statute of limitations.

"The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The statute of limitations begins to run when the plaintiff either knows or should know (1) that he has suffered the injury that forms the basis of his complaint; and (2) who has inflicted the injury. *See id.* at 1283. A district court must dismiss an *in forma pauperis* action if the court determines that the action "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B). If a plaintiff's "allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim". *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Here, Plaintiff alleges he was unlawfully detained from December 2014 to November 2015. As Judge Timothy concluded in Plaintiff's prior case, "[i]mmediately after the placemen[t], [plaintiff] knew he suffered injury, and he knew or could have known who was responsible for the placements." *Fernandez v. Inch*, et al., 3:20cv5531-MCR-EMT, ECF Doc. 16 at 9. Thus, that is the accrual

date, and Plaintiff should have filed this action by December 2018, and, *at the outside date,* by no later than November 2019. Plaintiff, however, did not initiate this action until December 2021, nearly two (2) years after the running of the statute of limitations. Thus, Plaintiff's claims are barred by the applicable statute of limitations and should be dismissed with prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE as malicious for Plaintiff's failure to prosecute, failure to truthfully disclose his litigation history, and for failure to state a claim on which relief can be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this this 10th day of February, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.